(50 Misc. Rep. 649)

STEINBACH v. LA ROCHE.

(Supreme Court, Appellate Term. April 24, 1906.)

MASTER AND SERVANT—COMPENSATION—DEDUCTION—FRAUD—ELEMENTS—EXPECTATION ON PROMISE.

A promise or prediction of the amount of sales plaintiff would be able to make within a year does not constitute fraud or misrepresentation entitling the parties employing him, by reason of the promise, under a contract which they could terminate at any time, to deduct any amount from the agreed compensation for the time they retained him in their service.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 93.]

Appeal from Municipal Court, Borough of Manhattan, First District. Action by George B. Steinbach against Edward M. La Roche and

another.  From a judgment in favor of defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Richard T. White (Herman B. Goodstein, of counsel), for appellant.
Charles M. Russell (Walter L. Post, of counsel), for respondents.

SCOTT, P. J.  The defendants engaged plaintiff to act as their traveling salesman, at a salary of $35 per week and traveling expenses. No term of employment was specified, and plaintiff might have been discharged.  He worked as salesman from April 20, 1904, to August 13, 1904, earning, according to the terms of his contract, $700, of which he was paid only $425.75.  For the balance of $274.25 he now sues.  The defendants, admitting the contract and the rendition of the services, defend on the ground that they were led to make the contract by false representations by plaintiff as to the character and selling qualities of the goods he was employed to sell, and as to the amount, of sales of the same or similar goods he had made in the prior year. The evidence, taking the defendants' own testimony, failed to sustain the defense.  It is true that it is said that the goods were not well made, and that many of them were returned as defective; but the defects appear to be those of the manufacturers, and plaintiff was not the manufacturer.  The alleged representation as to the large amount sold in the prior year turns out to have been a promise or prediction as to the amount that would be sold in a year after the making of the contract.  The case discloses no legal fraud or misrepresentation on plaintiff's part, but merely an over sanguine estimate of what might be expected in the future.  If the results of plaintiff's employment did not come up to defendants' expectation, they could have discharged him at any time.  Having failed to do so, they show no legal excuse for not paying him according to contract for the time they retained him in their service.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.